952 F.2d 405
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry A. CHURCHILL, Defendant-Appellant.
 No. 91-1759.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 13, 1991.
Decided Jan. 14, 1992.
 
 Before WOOD, Jr., COFFEY and MANION, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Terry Allan Churchill on three criminal counts related to two incidents of theft of industrial steel coils, including one count of possessing stolen goods that had crossed a state boundary in violation of 18 U.S.C. § 2315 (1988). The court denied Churchill's motion for a judgment of acquittal on this count. Churchill appeals the court's ruling on that motion and its concomitant effect on his sentence.
 
 I.
 
 2
 Terry Allan Churchill operated a "Michigan train" (a truck that pulls two independent trailers attached by a converter that connects or disconnects the trailers depending on the load limits set forth by various states) as a broker who hauled steel from mills in Northern Indiana to plants in Michigan. On July 22, 1988 Churchill picked up two steel coils from Bethlehem Steel's Burns Harbor, Indiana plant for delivery to Double Eagle Coating Company in Dearborn, Michigan. Churchill picked up this particular assignment from Regency Motor Freight which held the trip lease for the shipment. Churchill purported to make the delivery, and, accordingly, submitted driver logs and an initialed delivery receipt that showed he had delivered the coils to Double Eagle on July 23d sometime between 11:30 a.m. and 1:30 p.m. The logs also showed that Churchill took a one hour break in Mattawan, Michigan before arriving in Dearborn, and that he went off duty in Three Rivers, Michigan after making his delivery.
 
 
 3
 Actually, Double Eagle never received the coils. Michael Hary, from Regency Motor Freight, called Churchill to ask him what had happened to the coils. Churchill claimed that truck problems had delayed the delivery until July 24th. At Hary's request, Churchill submitted an affidavit in which he stated that he had delivered the coils to Double Eagle on July 24th at 10 a.m. The coils never surfaced. The jury convicted Churchill of possessing the stolen coils after they had crossed a state boundary.
 
 
 4
 In the same trial the jury convicted Churchill on two counts stemming from a theft of similar goods. Churchill does not appeal those convictions, but the facts relating to that conviction are relevant to our inquiry of Churchill's conviction for the missing Double Eagle delivery. David Devereaux is a Michigan train driver whose trailers are known for their distinctive blue and white trim. On November 18, 1988 (a Friday) Devereaux parked his Michigan train loaded with two industrial steel coils at a LaPorte, Indiana truck stop. He intended to pick them up for delivery to Dearborn, Michigan on Sunday. On Saturday, though, the lead trailer was gone. The next day, in Three Rivers, Michigan, two off-duty truckers who knew about Devereaux's distinctive trailers saw Churchill, whom one of the truckers knew, hauling Devereaux's missing lead trailer. Two days later, police recovered Devereaux's empty trailer on the side of an Indiana road.
 
 II.
 
 5
 The sole issue on appeal is whether the government presented sufficient evidence so that the jury could infer that the steel coils that he was supposed to deliver crossed a state boundary. Whether stolen goods have crossed a state boundary is a question of fact for the jury to decide. See United States v. Stillwell, 854 F.2d 1045, 1048 (7th Cir.1988). Accordingly, Churchill bears a heavy burden in seeking to have his conviction overturned on sufficiency grounds. We examine the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences, to determine whether a rational jury could have found Churchill guilty beyond a reasonable doubt. United States v. Bennett, 908 F.2d 189, 196 (7th Cir.1990). When, as in the present case, the jury's verdict was to convict, we will reverse only if Churchill can "establish that the record 'contains no evidence, regardless of how it was weighed, from which the jury could find guilt beyond a reasonable doubt.' " Id. (quoting United States v. Ocampo, 890 F.2d 1363, 1370 (7th Cir.1989) (quoting United States v. Rollins, 862 F.2d 1282, 1287 (7th Cir.1988))).
 
 
 6
 The government may establish through circumstantial evidence that goods crossed a state boundary. See United States v. James, 923 F.2d 1261, 1267 (7th Cir.1991) (conviction under 18 U.S.C. § 2314 may be based solely on circumstantial evidence). The government's evidence established that Churchill took the steel coils from Bethlehem Steel's plant in Indiana across the state boundary into Michigan. Churchill logged his trip from Indiana to Michigan. These logs recorded stops in Mattawan, Michigan before the purported delivery and in Three Rivers, Michigan after the delivery. Each of these stops is significant. Churchill argues that for the jury to convict him they must have believed that he was lying when he claimed to have made the delivery to Dearborn. Accordingly, Churchill argues, the evidence of stops in Michigan, which he himself recorded, are similarly unreliable and therefore insufficient to find that he crossed the state boundary. A reasonable person, however, could believe that Churchill did stop in Mattawan or in Three Rivers (thus crossing a state boundary), even if that person did not believe that Churchill delivered the steel coils to Double Eagle in Dearborn. The reason to fabricate the delivery in Dearborn is clear, the reason to fabricate the stops in Mattawan and Three Rivers is not. That Churchill stopped in Three Rivers is supported further by the fact that, approximately three months later, he was spotted in the same town with similar stolen goods. The facts presented at trial bore several inferences that the government could argue to the jury. A reasonable jury could have inferred from those facts that the steel coils crossed the border from Indiana to Michigan after they were stolen.
 
 
 7
 As a final matter Churchill argues that he should be resentenced because of the court's error in denying his motion for acquittal. We do not address this issue because the district court decided the motion for acquittal correctly. For the foregoing reasons we AFFIRM the trial court's denial of Churchill's motion for a judgment of acquittal.